IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00023-F-1
No. 5:14-CV-00308-F

| | |
|---|---|
| ANTONIO DONTEZ SCOTT, )<br>Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-43] Antonio Dontez Scott's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-35, -39].[1] The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

## I. Factual and Procedural Background

On January 16, 2008, Scott was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Scott's arraignment, held on March 26, 2008, he pled guilty to Count One without a written plea agreement.

The court held Scott's sentencing hearing on September 4, 2008, and he was sentenced to 180 months' imprisonment. *See* Judgment [DE-23]. Scott filed a Notice of Appeal [DE-21] on September 8, 2008. In an unpublished opinion [DE-31], the Fourth Circuit Court of Appeals affirmed Scott's conviction and sentence. Scott filed a petition for writ of certiorari. On

---

[1] Scott's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-35], which was filed on May 30, 2014. At the court's direction, Scott filed a "conforming" motion [DE-39] on June 16, 2014.

November 2, 2009, the Supreme Court denied Scott's petition for writ of certiorari.

Scott's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-35] was received by the court on May 30, 2014. In his § 2255 motion, Scott argues that in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013), he no longer has three qualifying convictions as an armed career criminal pursuant to 18 U.S.C. § 924(e). Scott specifically challenges his 1995 Florida state conviction for possession of cocaine with intent to sell. On August 28, 2014, the Government filed its Motion to Dismiss [DE-43].

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

**Scott's Motion to Vacate is time-barred.**

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

>  (1) the date on which the judgment of conviction becomes final;

>  (2) the date on which the impediment to making a motion created by

2

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In this case, the Supreme Court denied certiorari on November 2, 2009, and Scott filed the instant § 2255 on May 16, 2014, at the earliest.[2] Thus, Scott filed his § 2255 motion well beyond this one-year period. For this reason, Scott has not shown that his motion is timely under § 2255(f)(1). Scott argues that his § 2255 motion is timely based upon the opinions in *Donawa* and *Descamps*. *Donawa* is not a Supreme Court decision. *Descamps* is not retroactively applicable to cases on collateral review. *See Brackett v. United States*, Nos. 3:15-CV-6, 3:08-CR-56, 2015 WL 4644670, at *4 (N.D.W.Va. Aug. 4, 2015) (citing *Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman,* 581 F. App'x 750, 753 (11th Cir. 2014); *Baker v. Chapa*, 578 F. App'x 464, 465 (5th Cir. 2014) (per curiam); *United States v. Montes,* 570 F. App'x 830, 831 (10th Cir. 2014); *United States v. Tenderholt*, No. 14-8051, 2014 WL 7146025, at *1-2 (10th Cir. Dec. 16, 2014)). Accordingly, Scott's motion is not timely under § 2255(f)(3). The court also concludes that Scott has failed to state circumstances

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. Scott dated his signature on the § 2255 motion as May 16, 2014. Mot. Vacate [DE-35] at 8.

3

suggesting he is entitled to equitable tolling.[3]

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-43] is ALLOWED and Scott's Motion to Vacate [DE-35, -39] is DISMISSED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court finds that Scott has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

---

[3] Equitable tolling is available only in "those rare instances where–due to circumstances external the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

4

This the 17th day of November, 2015.

                                               _____
                                               James C. Fox
                                               Senior United States District Judge